CARLO, APPELLANT, v. REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Cancel a Mortgage.

No. 515.—Decided April 17, 1922.

RECORD OF TITLE — MORTGAGE — CANCELATION OF LIEN. — The conveyance of a mortgaged property being recorded by virtue of a tax-sale certificate, the registrar is not precluded from passing upon the said certificate thereafter when presented for the cancelation of the mortgage, about which nothing was stated in the record of the conveyance.

The facts are stated in the opinion.
*Mr. A. Brusi* for the appellant.
The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

J. E. Carlo, by his attorney, presented a document to the Registrar of Property of Arecibo requesting the cancelation of two mortgages which appeared as encumbering a certain property belonging to him and recorded in the registry. The petitioner is of the opinion that the cancelation should be made by virtue of two documents which he exhibited: A

certificate of sale of the property in question for the payment of taxes and a certificate of the Treasurer of Porto Rico stating that from the record of the proceedings in that case it appeared that notice of the sale had been given to the mortgagees. The first certificate is dated July 11, 1918, and the second August 6, 1919.

The registrar returned the documents without recording the cancelation because it appeared that the documents had been passed on by his predecessor on August 12, 1919, and "the law does not permit a second consideration of the same documents when they have produced a record in the regis-try, this power being exclusively vested in the courts." The petitioner appealed to this court.

The property in question is one of 75 acres encumbered by two mortgages, one for $2,500 and the other for $2,300, and was sold for the payment of delinquent taxes amounting to $12.10. The purchaser of the property at the said sale was José Mayol, who sold it to Juan González, who sold it to Carlo, the appellant. The record of the conveyance to Mayol was made on August 12, 1919, by virtue of the same documents here presented, without mentioning the mortgages.

The registrar maintains that as the cancelation was not made when the documents were first presented, it must be presumed that the cancelation was refused and, therefore, that there is a legal status according to the registry which can only be changed by a judgment of a competent court in a proper proceeding.

In our opinion that presumption does not exist. The certificate of sale was presented the first time merely for the purpose of recording the sale. At least nothing appears to the contrary. And if it is now presented to obtain the cancelation of the mortgages, it is necessary to conclude that the case is different and that, therefore, the registrar is not precluded from acting.

By virtue thereof the decision appealed from must be reversed and the documents remanded to the registrar with instructions to record or refuse to record the cancelation in accordance with the facts and the law.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.